The plaintiffs in this suit seek damages for the government’s alleged wrongful termination of a contract. The defendant has moved to dismiss, and both parties have moved for summary judgment. Because we agree with the defendant that the statute of limitations bars this action, we grant its motion to dismiss, and therefore find it unnecessary to address the other issues raised in the various motions.
In March 1972, the plaintiff, Oscar’s Bar-B-Q, Inc. ("Oscar’s”), entered into a contract with the Small Business Administration ("SBA”) to provide the Veterans Administration ("VA”) with 269,500 pounds of meat for $259,074.86. The contract required that deliveries be completed by May 15, 1972. By letter of May 18, 1972, SBA notified Oscar’s that it was suspending any further disbursements under the contract because Oscar’s was in "a delinquent status on delivery.” In a letter dated May 23,1972, the SBA informed Oscar’s that the VA had received 237,707 pounds of meat, for which Oscar’s was entitled to payment (less certain undisputed penalties). The plaintiffs, however, believed at the time and now allege that Oscar’s delivered to the VA more than 269,500 pounds of meat by the time payments were suspended.
On October 10, 1972, the plaintiffs filed suit against the government in the United States District Court for the District of Colorado. The complaint alleged that the SBA had breached the contract and that the plaintiffs had been injured by the SBA’s "negligent and wrongful acts.” The plaintiffs sought $10,000 damages on the contract claim and $30,000 on the other claim. The district court dismissed the complaint on January 31, 1973, on the ground that the second claim for negligence was a subterfuge to split what was a single contract cause of action in order to circumvent the $10,000 jurisdictional limit of 28 U.S.C. § 1346 (1976). *523 The Court of Appeals for the Tenth Circuit affirmed the dismissal order on October 15,1973.
The plaintiffs did not file their petition in this court until December 16, 1980, after their Freedom of Information Act request on October 24, 1979, resulted in the plaintiffs’ acquisition of certain documents from the United States Department of Agriculture. According to the plaintiffs, those documents prove that Oscar’s had performed its contractual obligations fully. Plaintiffs seek damages of $30,959.39 for 34,100 pounds of meat delivered under the contract but not paid for, and consequential damages of $1,250,000.
This court lacks jurisdiction over a claim that is not filed within 6 years after it first accrues. 28 U.S.C. § 2501 (1976); Soriano v. United States, 352 U.S. 270, 273-74 (1957). A claim first accrues "on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.” Oceanic Steamship Co. v. United States, 165 Ct. Cl. 217, 225 (1964). The plaintiffs’ claim accrued on May 18, 1972, when the government informed the plaintiffs that Oscar’s was in default and that the government was suspending further payments under the contract. The plaintiffs’ suit in this court, however, was not filed until December 1980, more than 8-)4 years later. Unless the statute of limitations was tolled, the plaintiffs’ claim is barred.
In Japanese War Notes Claimants Association v. United States, 178 Ct. Cl. 630, 634, 373 F.2d 356, 358-59, cert. denied, 389 U.S. 971 (1967), this court stated that to toll the statute of limitations the "[p]laintiff must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable’ at the accrual date.” See also Braude v. United States, 218 Ct. Cl. 270, 273-74, 585 F.2d 1049, 1051-52 (1978). Since a breach of contract claim necessarily is not "inherently unknowable,” the plaintiffs’ theory of tolling must be that the defendant concealed the acts constituting the alleged breach so as to make the plaintiffs unaware of their claim.
In their petition in this court, however, the plaintiffs state that when they received notification that SBA was *524 suspending further payment under the contract (in May 1972), they "believed” that they fully had performed by delivering at least 269,500 pounds of meat as the contract required. Plaintiffs also admit that they were aware at that time that the SBA was contending that Oscar’s had delivered no more than 237,707 pounds of meat. The plaintiffs’ awareness of their claim in 1972 is further shown by the district court suit they filed in October 1972, which sought $10,000 in damages for SBA’s alleged breach of the contract.
The plaintiffs argue, however, that the statute was tolled until in 1980 they obtained from the Department of Agriculture under the Freedom of Information Act the documents they assert they needed to prove their case. This argument confuses the accrual of a claim and the obtaining of evidence to prove the claim.
The plaintiffs’ claim accrued in 1972, because at that time they had all the information necessary to inform them of the existence of the' claim. The could have filed suit within 6 years of that time. If the plaintiffs were not aware of all the facts constituting their claim — and there is no basis to conclude that this was the situation then — they could have filed a less detailed timely petition under Rule 36 and then obtained further information through discovery.
In view of our granting the motion to dismiss, there is no occasion to consider the plaintiffs’ motion to strike portions of the defendant’s brief.
The defendant’s motion to dismiss is granted, and the petition is dismissed.
Plaintiffs motion for reconsideration was denied December 4, 1981; plaintiffs petition for certiorari was denied April 5,1982.